DETERMINED IN THE

# Court of Appeals

## OF KENTUCKY,

SPRING TERM, AFTER THE 13TH APRIL,

## 1828.

---

*Hopkins' adm'r. vs. Morgan.*

Error to the Muhlenburgh Circuit; ALNEY M'LEAN, Judge.

*Injunction bonds. Executors. Consideration.*

Judge OWSLEY delivered the Opinion of the Court.

DEBT..

Case 1

April 14.

Injunction bond of Morgan's executor and his security to Hopkins, and its condition.

CHARLES MORGAN, executor of Epps Littlepage, and John Morgan his surety, on 21st February, 1820, executed a bond, in which they acknowledged themselves indebted to John Hopkins in the penal sum of two hundred and thirty dollars, and bound themselves, their heirs &c. jointly and severally, to pay the same upon the following condition thereto subjoined: The condition of the above obligation is such, that whereas, the above bound Charles Morgan, executor as aforesaid, hath obtained an injunction staying all proceedings at law on a judgment and execution, obtained by said Hopkins against the said Morgan, executor aforesaid, in the Muhlenburgh circuit court, for $112 05, besides interest and cost. Now if the said Morgan, executor as aforesaid, shall pay and satisfy the amount, and all sums of money, tobacco and costs, that may be awarded against him, in case said injunction shall be discharged or dissolved, then the above obligation to be void, else to remain in full force and virtue.

VOL. VII.              A

HOPKINS'
ADM'R.
vs.
MORGAN.

Injunction
dissolved, and
action on the
bond.

Pleas of de-
fendant.

Plea No. 1.

Plea No. 2.

Plea No. 3.

Demurrers to
the pleas, sus-
tained by the
circuit court.

Plea No. 4.

The injunction was afterwards dissolved, and the administrator of Hopkins, he having departed this life, brought this action upon the bond, against John Morgan, the executor, Charles Morgan also being dead.

The defendant pleaded several pleas:—I. That the plaintiff, his action to have and maintain, ought not, because he says, that the said bond was executed without any legal, good or valuable consideration, in this, that the said Charles Morgan was executor of Epps Littlepage, and should not, by law, have been bound to answer the debt out of his own estate, and this he is ready to verify, &c.

II. And for further plea the defendant says, the plaintiff his action ought not have and maintain, because he says, said bond was given for the purpose of obtaining an injunction from the Clerk's office, &c. against a judgment rendered against the said Charles Morgan, as executor of Epps Littlepage, and for no other consideration whatever; and the condition of the bond imposes greater obligations on the said Charles than the law, for that purpose, authoriezd and empowered the Clerk to impose, and more extensive than the order of the Justices, directing the same to be taken authorized, and so he says that the said bond is void in law, and was given for no good, legal, valid or valuable consideration whatever, &c.

III. And for further plea, the defendant says, the plaintiff his action ought not to have and maintain, because he says, that the said Charles Morgan has fully administered all the estate of the said Epps Littlepage, deceased, and this he is ready to verify, &c.

To each of these pleas the plaintiff filed a demurrer, and the demurrers were sustained by the court.

The defendant then obtained leave of the court, and filed an additional plea in the following words: The defendant, for further plea in this behalf, says, the plaintiff his action ought not to have and maintain, because he says, that said bond was given for the purpose of obtaining an injunction from the

Clerk's office of this court, against a judgment ren- ~~Hopkins'~~ dered against the said Charles Morgan, as executor of Epps Littlepage to be levied of the estate, goods and chattels of the said Littlepage, in said Morgan's hands to be administered, and for no other or further consideration whatever; and the condition of said bond imposes greater obligations on the said Charles than the law, for that purpose authorized and empow- ered the Clerk to impose, and more extensive than the order of the Justices, directing the same to be taken, authorized; and so he says, that the said bond is void in law, and was given for no good, legal, val- id or valuable *consideration* whatever, and this he is ready to verify, &c.

HOPKINS' ADM'R. vs. MORGAN.

To this plea, also, the plaintiff demurred, and the demurrer was overruled, and judgment rendered in bar of the action.  To reverse that judgment this writ of error is prosecuted by the administrator of Hopkins.

Demurrers to fourth plea sustained and judgment in bar.

In reviewing the decisions of the circuit court, we deem it unnecessary to examine as to the descrip- tion of bond required by law to be given by an ex- ecutor, on obtaining an injunction against a judg- ment recovered against the estate of the testator in his hands to be administered.  It is unnecessary, be- cause neither of the pleas suggests any unfairness or artifice on the part of the Clerk in taking the bond, nor does either contain any averment going to shew that the import of the bond was not fully under- stood by the parties, or that it was executed through any mistaken conception whatever.  We must, therefore, assume the fact to be, that with a knowl- edge of the import of the bond and condition, it was fairly and voluntarily executed by the executor and and his surety, for the purpose of enjoining and suspending the execution of the judgment, which the intestate, Hopkins, had recovered against the executor, Morgan, in his fiduciary capacity, and whatever may be the description of bond which is required by law, to be given by executors, on ob- taining an injunction against such judgments, there is no pretext for saying that the bond which was ex- ecuted, is without any valuable consideration, and,

An injunction bond with conditions more bur- thensome on the obligors than required by law, or or- der of the court, is not void for that cause merely.

Query, of what is the proper condi- tion of an in- junction bond in case of an executor complain- ant?

HoPKINS'
ADM'R.
vs.
MORGAN.

therefore, inoperative and void. Conceding, (and we make the concession without intending to decide the point,) that the bond does not in every particular conform to the requisitions of the act of assembly directing the execution of injunction bonds, still the delay which was produced by its execution in the proceedings on the judgment and execution of Hopkins, of itself, formed a valuable consideration to uphold the bond, as a common. law obligation, and it has been repeatedly held by this court that injunction bonds, though not in strict conformity to the act of assembly upon the subject, will be sustained, if good, at common law.

In such case, if the bond in its terms binds the principal obligor personally, neither the addition of executor to his name, nor the character of the case will screen him from personal liability:

The foregoing remarks are a sufficient response to the two first and the last pleas, and go to shew that the court decided correctly, in sustaining the plaintiff's demurrer to the two first, but that the decision which overruled the demurrer to the last plea was erroneous. But it is proper to bestow a separate consideration on the third plea; which was adjudged bad by the court: The goodness of that plea turns upon the legal effect of the bond which was executed by Charles Morgan, the executor and his security; John Morgan, the defendant. If the bond imposes no personal obligation on the executor, and is construed to be nothing more than an undertaking in his character of executor, to pay, in legal course of administration of assets, the judgment of Hopkins, in case of a dissolution of the injunction, it may be contended that the third plea which alleges the assets which came to the hands of the executor, to have been fully administered, should have been sustained by the circuit court, as a valid plea.. But according to any rule of interpretation known to us, we cannot admit that the bond imposes no personal obligation on the executor; Morgan, and his sureties. The executor, it is true, describes himself as such, but his undertaking is personal, expressly stipulating to pay the judgment &c. in case the injunction should be dissolved. The naming himself as executor is but a description of the person, and does not convert his undertaking into an obligation to pay out of the estate of the testator. The bond is the foundation of the action, and we

are incapable of discerning how, after the death of the executor, any action could be maintained upon the bond, against any administrator *de bonis non*, of the estate of Littlepage, that might be appointed. The third plea was, therefore, correctly adjudged bad.

It was, however, erroneous to sustain the last plea, and render judgment in bar of the plaintiff's action; that plea we have already seen, contains no sufficient bar to the action. The judgment, must, therefore, in the opinion of a majority of the court, the Chief Justice dissenting, be reversed, with costs, the cause remanded *to the court below, and such further pro-ceedings* there had, as may not be inconsistent with this opinion.

*Fourth plea also adjudged ill.*

*The Chief Justice dissenting, delivered his own opinion, as follows:*

CHARLES MORGAN, as the executor of Epps Littlepage, deceased, with John Morgan, his securi-ty, entered into an injunction bond, to John Hop-kins, in consequence of an order of injunction ob-tained by Morgan to enjoin a judgment against the said executor Morgan—the bond bears date 21st February, 1820: the injunction was afterwards dis-solved.

Hopkins sued upon this bond against Morgan, the surety, (the executor being dead,) and treated the bond as if it were an obligation by Charles Morgan personally, and in his individual character. Mor-gan pleaded several pleas, to which the demurrer of plaintiff was sustained; the defendant filed another plea, in substance alleging that the clerk had taken the bond binding Morgan, the executor, farther and beyond the requisition of law, and the order for in-junction, and, therefore, it was void. To this the plaintiff likewise demurred, but the court sustained the plea and gave judgment for the defendant.

Although upon the last plea the judgment should not have been that it was a good plea, yet upon the whole record, I think the judgment for the defend-ant is correct. The bond upon its face is not the

*Held the bond did not bind the ex-ecutor per-sonally, and*

HOPKINS'
ADM'R.
vs.
MORGAN.

that it was
erroneously
so declared
on.

personal and individual bond of Charles Morgan, as the declaration supposes and declares. It is a bond by Morgan, the executor, in his fiduciary character; the penalty is so; the condition recites the whole cause of entering into the bond, recites the judgment against the executor, and the order for the injunction, and then concludes, that if said Morgan, as executor, shall pay and satisfy such sums of money, costs, &c. as shall be awarded against him, in case the injunction should be discharged and dissolved, then the obligation to be void. The declaration in treating this bond, not as a bond by the executor, in his fiduciary character, but as the personal obligation of Morgan, the executor, I think is wrong; so that the declaration attempts to convert the bond into what it is not, and assigns the breach of the condition insufficiently.

Plea of fully
administered
held suffi-
cient.

The plea that Morgan, the executor, had fully administered all the estate of the said Epps Littlepage deceased, to which the plaintiff demurred, is a proper defence to the bond, in my opinion.

I am for affirming the judgment, because right, on the demurrer, although not for the reasons given by the circuit court.

*Mayes*, for plaintiff ; *Triplett*, for defendant.